FILED
2014 AUG -4 PM 3: 33
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. A-12-CV-0862-LY |
| SENEN POUSA, INVESTMENT INTELLIGENCE CORPORATION, *DBA* PROPHETMAX MANAGED FX, JOEL FRIANT, MICHAEL DILLARD, and ELEVATION GROUP, INC., | § § § § § § | |
| Defendants. | § § | |

**SUPPLEMENTAL CONSENT ORDER OF DISGORGEMENT, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS MICHAEL DILLARD AND ELEVATION GROUP, INC.**

### I. INTRODUCTION

On September 18, 2012, Plaintiff United States Commodity Futures Trading Commission (the "Commission" or "CFTC") filed a Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief ("Complaint") against, among others, Michael Dillard ("Dillard") and Elevation Group, Inc. ("Elevation"). Complaint, ECF No. 1. The Complaint seeks injunctive and other equitable relief for violations of the Commodity Exchange Act ("Act"), as amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010), 7 U.S.C. §§ 1 *et seq.*, and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. § 1.1 *et seq.* (2012).

That same day, the Court entered a Statutory Restraining Order, ECF No. 4 and Consent Order of Permanent Injunction and Other Statutory and Equitable Relief against Defendants Dillard and Elevation ("Consent Order of Permanent Injunction") Consent Order, ECF No. 5. The Consent Order of Permanent Injunction resolved the liability portions of this case as to Dillard and Elevation.

## II. CONSENTS AND AGREEMENTS

To resolve the remaining issues of necessary statutory and equitable relief regarding disgorgement and civil monetary penalties in this case (as provided in paragraphs 44, 45, and 46 of Section V of the Consent Order of Permanent Injunction), without further judicial proceedings, Dillard and Elevation hereby:

1. Consent to the entry of this Supplemental Consent Order of Disgorgement, Civil Monetary Penalty, and Other Equitable Relief Against Defendants Michael Dillard and Elevation Group, Inc. ("Supplemental Consent Order").

2. Affirm that Dillard and Elevation have agreed to this Supplemental Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Supplemental Consent Order;

3. Waive:

    a. any and all claims that Dillard and Elevation may possess under the Equal Access to Justice Act, 5 U.S.C. §504 (2006) and 28 U.S.C. §2412 (2006), and the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §148.1, *et seq.* (2013), relating to, or arising from, this action;

  b. any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

  c. any and all claims of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief, including this Supplemental Consent Order; and

  d. any and all rights of appeal from this Supplemental Consent Order;

 4. Agree that neither Dillard nor Elevation, nor any of their agents or employees acting under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegations in the Complaint or findings of fact or conclusions of law in this Supplemental Consent Order, or creating, or tending to create, the impression that the Complaint or this Supplemental Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect Dillard's and/or Elevation's (i) testimonial obligations, or (ii) rights to take legal, factual or equitable positions in other proceedings to which the Commission is not a party. Dillard and Elevation shall take all necessary steps to ensure that all of their agents and employees understand and comply with this agreement.

 5. Consent to the continued jurisdiction of this Court over them for the purpose of implementing and carrying out the terms and conditions of all orders and decrees that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of the Court, to assure compliance with this Supplemental Consent Order and for any

other purpose relevant to this action, even if Dillard or Elevation, now or in the future, reside outside the jurisdiction of this Court;

6. Agree that no provision in this Supplemental Consent Order shall in any way affect their obligation to comply with or otherwise modify the Consent Order of Permanent Injunction; and

7. Agree that no provision of this Supplemental Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Dillard and/or Elevation in any other proceeding.

8. The Consent Order of Permanent Injunction remains in full force and effect. Nothing in this order amends or alters, in any way, the Consent Order of Permanent Injunction.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Findings of Fact and Conclusions of Law contained in Section II of the Consent Order of Permanent Injunction are incorporated herein by reference and given preclusive effect as provided in Paragraph 47 of Section V (Statutory and Equitable Relief) of the Consent Order of Permanent Injunction.

### IV. DISGORGEMENT AND INTEREST

**IT IS HEREBY ORDERED** that Dillard and Elevation shall fully comply with the following terms, conditions, and obligations relating to the payment of disgorgement and interest thereon:

**A. Disgorgement:**

9. Pursuant to paragraph 44 of the Consent Order of Permanent Injunction, Dillard and Elevation shall jointly and severally pay disgorgement, plus post-judgment interest, to clients ("Disgorgement Obligation").

10. Dillard, individually and as the agent of Elevation, and Elevation shall disgorge the amount of seven-hundred-fifty-thousand dollars ($750,000) plus interest as set forth below.

11. Dillard and Elevation shall disgorge all funds to Guy M. Hohmann, in his capacity as the Receiver for Defendants Senen Pousa, Investment Intelligence Corporation *dba* ProphetMax Managed FX, and Joel Friant (the "ProphetMax Receivership Estate"), appointed pursuant to Section III (Temporary Receiver) of the Statutory Restraining Order.

12. On September 24, 2012 and September 25, 2012, Dillard and Elevation jointly transferred a total of three-hundred-thousand dollars ($300,000) to the Receiver's bank account in partial satisfaction of the disgorgement liability identified in paragraph 10 of the Consent Order of Permanent Injunction.

13. Dillard and Elevation jointly paid the remainder of the disgorgement liability identified in paragraph 10 to the Receiver on the following schedule of installment payments:

  a. one-hundred-thousand dollars ($100,000) was transferred from Dillard's and/or Elevation's bank account(s) to the Receiver's bank on November 1, 2012;

  b. one-hundred-thousand dollars ($100,000) was transferred from Dillard's and/or Elevation's bank account(s) to the Receiver's bank account on November 30, 2012;

  c. one-hundred-thousand dollars ($100,000) was transferred from Dillard's and/or Elevation's bank account(s) to the Receiver's bank account on December 31, 2012; and

  d. one-hundred-fifty-thousand dollars ($150,000) was transferred from Dillard's and/or Elevation's bank account(s) to the Receiver's bank account on January 31, 2013.

14. As such, the amount of the disgorgement liability identified in paragraph 10 of the Consent Order of Permanent Injunction has been paid in full.

**B. Civil Monetary Penalty:**

15. Pursuant to paragraph 45 of the Consent Order of Permanent Injunction, Dillard and Elevation shall jointly and severally pay a civil monetary penalty, plus post-judgment interest, to the Commission.

16. Dillard, individually and as the agent of Elevation, and Elevation shall jointly and severally pay a civil monetary penalty of $140,000 (one hundred and forty thousand dollars), plus post-judgment interest (the "CMP Obligation"). Post-judgment interest shall accrue on the CMP Obligation commencing on the date of entry of this Supplemental Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of the entry of this Supplemental Consent Order pursuant to 28 U.S.C. § 1961. Dillard and Elevation shall pay such civil monetary penalty by electronic funds transfer or by U.S. Postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

  Commodity Futures Trading Commission
  Division of Enforcement
  Attn: Accounts Receivables - AMZ 340
  E-mail Box: 9-AMC-AMZ-AR-CFTC
  DOT IF AA/MMAC
  6500 S. MacArthur Blvd.

Oklahoma City, OK 73169
Telephone: (405) 954-5644

17.     If payment by electronic funds transfer is chosen, Dillard and Elevation shall contact Linda Zurhorst or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Dillard and Elevation shall accompany payment of the CMP Obligation with a cover letter that identifies Dillard and Elevation and the name and docket number of this proceeding. Dillard and Elevation shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

## IV.     MISCELLANEOUS PROVISIONS

18.     <u>Partial Satisfaction</u>: Any acceptance by the Commission of partial payment of Defendants' Disgorgement Obligation or CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Supplemental Consent Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

19.     <u>Notice</u>: All notices required to be given by any provision in this Supplemental Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

>   Gretchen L. Lowe, Director of Enforcement
>   Commodity Futures Trading Commission
>   Division of Enforcement
>   1155 21st Street N.W.
>   Washington, DC 20581

Notice to Defendants Dillard and Elevation:

>   Brent R. Baker
>   ClydeSnow
>   201 South Main Street

Salt Lake City, UT 84111
Phone: 801-322-2516
Fax: 801-433-2438
BRB@clydesnow.com

Notice to Guy M. Hohmann as Receiver of the ProphetMax Receivership Estate

Carrie E Puccia
Hohmann, Taube & Summers, L.L.P.
100 Congress Avenue, Suite 1800
Austin, TX 78701
Phone: 512-472-5997
Fax: 512-472-5248
carriep@hts-law.com

All such notices to the Commission and the Receiver shall reference the name and docket number of this action.

20. <u>Change of Address/Phone</u>: Until such time as Dillard and Elevation fully satisfy their disgorgement liability and any other obligations set forth in the Consent Order of Permanent Injunction, this Supplemental Consent Order and/or any subsequent order of this Court, Dillard and Elevation shall provide written notice to the Commission and the Receiver by certified mail of any change to their telephone number and mailing address within ten (10) calendar days of the change.

21. <u>Entire Agreement and Amendments</u>: This Supplemental Consent Order in combination with the Consent Order of Permanent Injunction incorporates all the terms and conditions of the agreement among the parties to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

22. <u>Invalidation</u>: If any provision of this Supplemental Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this

Supplemental Consent Order and the application of the provision to any other person or circumstance shall not be affected by such holding.

23. <u>Waiver</u>: The failure of any party to this Supplemental Consent Order to require performance of any provision of this Supplemental Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Supplemental Consent Order. No waiver in one or more instances of the breach of any provision contained in this Supplemental Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Supplemental Consent Order.

24. <u>Continuing Jurisdiction of this Court</u>: This Court shall retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees, to entertain any suitable application or motion for additional relief within the jurisdiction of the Court, to assure compliance with this Supplemental Consent Order and for any other purpose relevant to this action.

25. <u>Authority</u>: Dillard hereby warrants that he is a principal of Elevation and that this Supplemental Consent Order has been duly authorized by Elevation, and that he has been duly empowered to sign and submit this Supplemental Consent Order on behalf of Elevation.

26. <u>Enforcement of this Supplemental Consent Order</u>: This Supplemental Consent Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action. Dillard and Elevation understand that the terms of this Supplemental Consent Order are enforceable through contempt proceedings, and that, in any such proceedings they may not challenge the validity of this Supplemental Consent Order.

27. <u>Counterparts and Facsimile Execution</u>: This Supplemental Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, email, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Supplemental Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Supplemental Consent Order.

28. There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Supplemental Consent Order of Disgorgement, Civil Monetary Penalty, and Other Equitable Relief Against Defendants Michael Dillard and Elevation Group, Inc.*

**IT IS SO ORDERED** on this ___ day of _August_ 2014.

_____
UNITED STATES DISTRICT JUDGE
LEE YEAKEL

CONSENTED TO AND APPROVED BY:

By: _____
Defendant Michael Dillard

Date: 3-10-14

By: _____
Defendant Elevation Group, Inc.

Date: 3-10-14

Approved as to form:

By: _____
Brent R. Baker
ClydeSnow
201 South Main Street
Salt Lake City, UT 8411
Phone: 801-322-2516
Fax: 801-433-2438
BRB@clydesnow.com
*Attorney for Defendants Michael Dillard and Elevation Group, Inc.*

CONSENTED TO AND APPROVED BY:


By: _____
JonMarc P. Buffa, Senior Trial Attorney
Timothy J. Mulreany, Chief Trial Attorney
U.S. Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, DC 20581
(202) 418-5306 (Mulreany); (202) 418-5332 (Buffa)
(202) 418-5124 (facsimile)
tmulreany@cftc.gov
jbuffa@cftc.gov
*Attorneys for Plaintiff U.S. Commodity Futures Trading Commission*

Date: 7/15/2014