IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. A-12-CV-0862-LY |
| SENEN POUSA, INVESTMENT INTELLIGENCE CORPORATION, *DBA* PROPHETMAX MANAGED FX, JOEL FRIANT, MICHAEL DILLARD, and ELEVATION GROUP, INC., | § § § § § § § | |
| *Defendants*. | § | |

## RECEIVER'S STATUS REPORT

Guy M. Hohmann, the Court-appointed Receiver in the above-referenced ProphetMax Receivership matter and the ancillary IB Capital Matter, files this Status Report in order to update the Court on events that have transpired since the filing of his last update on April 20, 2018.

### I.   BRIEF BACKGROUND

1. On September 18, 2012, the Court entered a Statutory Restraining Order ("Order") [Docket No. 4] appointing Guy M. Hohmann to serve as the Receiver for the assets of Defendants Senen Pousa, Investment Intelligence Corporation, *dba* ProphetMax Managed FX ("IIC"), and Joel Friant, including the assets of their respective affiliates or subsidiaries (collectively, the "ProphetMax Receivership Estate" or "Estate"). *See* Order ¶¶ 11, 19.

2. On November 9, 2015, the CFTC filed a related proceeding in the United States against the entity IB Capital and its principals Emad Echadi and Michel Geurkink for violations of the Commodity Exchange Act. *See* CFTC's Complaint for Permanent Injunction, Civil Penalties, and Other Equitable Relief, Case No. 1:15-cv-01022-LY, *U.S. Commodity Futures*

*Trading Commission v. IB Capital FX, LLC et al.* [IB Capital Matter Docket No. 1]. On January 15, 2016, the Court entered an order enjoining IB Capital and principals Michel Geurkink and Emad Echadi (the "IB Capital Defendants") from engaging in certain activity. *See* Order of Preliminary Injunction and Other Equitable Relief ("IB Capital Order"), Case No. 1:15-cv-01022-LY, *U.S. Commodity Futures Trading Commission v. IB Capital FX, LLC et al.* [IB Capital Matter Docket No. 16]. In the IB Capital Order the Court also appointed Guy Hohmann as Receiver to take control of the IB Capital Defendants' assets and requires the IB Capital Defendants' assets be repatriated to the Receiver. IB Capital Order at ¶10.

## II. IB CAPITAL CONSENT ORDER AND DUTCH PROCEEDINGS

3. On October 14, 2016, the Court entered a consent order (the "IB Capital Consent Order") and final judgment against Michel Geurkink, Emad Echadi and IB Capital. Pursuant to the IB Capital Consent Order, the IB Capital Defendants have agreed to payment of civil monetary penalties, as well as, restitution totaling $35 million dollars. It has been (and continues to be) the Receiver's hope that a significant amount of the restitution owed by the IB Capital Defendants will be satisfied with funds that are currently frozen in the Netherlands and other jurisdictions in connection with an ongoing criminal case against the IB Capital Defendants in that jurisdiction, allowing for distribution of those funds to investors in the United States and worldwide. For some time, the CFTC and Receiver have been working with the IB Capital Defendants and authorities in the Netherlands to come to an agreement regarding the disposition of those funds. As noted in previous fee applications, the Receiver retained counsel in the Netherlands in an attempt to expedite the process. Throughout the past year, active ongoing communication has taken place between the Receiver's Dutch counsel, the CFTC, and Dutch authorities. As a result of these

ongoing communications, the Receiver continues to believe that repatriation of the funds at issue may be imminent.

4. By way of update, the Receiver was recently informed that both of the defendants (Michel Geurkink and Emad Echadi) have signed plea agreements in the Dutch criminal proceedings. While senior counsel within the Dutch prosecutor's office has not yet signed those plea agreements, the Receiver expects that to occur in the near future. As reported upon previously, it is the Receiver's understanding the plea agreements require the defendants to relinquish any claims to assets that were previously frozen by various governmental authorities.

5. The Receiver has been informed that meetings between the Dutch Prosecutor, the Receiver's retained Dutch counsel and counsel for Echadi and Guerkink are scheduled to occur in August of 2018. The primary topic of this initial meeting is to begin the process of determining the most efficient way to repatriate the frozen funds so they may then be distributed to the investor victims.

6. It is the Receiver's understanding that approximately eighty (80) percent of the funds were frozen in three separate foreign bank accounts. The remaining funds were frozen in approximately 10 other foreign bank accounts. In order to save the time and expense, it is the Receiver's hope the Dutch prosecutor will attempt to have all of the frozen funds repatriated to either the Netherlands or the United States. As noted in previous status reports, the proposed plea agreements with the defendants also require that any claims to a Moroccan villa be released. Once, the Dutch prosecutor signs off on the plea agreement, the Receiver will contact realtors in Morocco to have the villa sold.

7. The Receiver and his team are in the process of vetting and revalidating the final list of investor victims claims which includes communicating with a number of victims and the

Australian Liquidator. Once this process is completed, the Receiver will be providing the Dutch prosecutor with his final list so they may compare it to their own list.

8.      Depending upon how quickly the process moves forward and the frozen funds are repatriated, there may be more than one distribution.  This approach will allow the investor victims to receive funds as promptly as possible.

9.      In regard to administrative updates, the Receiver and his team were notified the company hosting the ProphetMax Receivership Estate website was terminating their support for the website.  The hosting company replaced it with a new upgraded website product for $287.00. A low hourly rate employee created the new site and transferred the content from the older version to the new version for a total cost of $360.00.  The Receiver and his team also updated the receiver@prophetmaxreceivership.com workspace email server from IMAP to Exchange to allow for a more reliable and secure email service. The cost for the Exchange server was $143.00 and the IT cost to migrate all email related content to three computers was $584.55.

    Respectfully submitted,
    GUY HOHMANN

By: */s/ Guy Hohmann*
    Guy Hohmann
    State Bar No. 09813100
    guyh@hohmannlaw.com
    114 West 7th Street
    Suite 1100
    Austin, Texas 78701
    (512) 495-1438

**RECEIVER FOR THE PROPHETMAX AND I.B CAPITAL RECEIVERSHIP ESTATES**

## CERTIFICATE OF SERVICE

On July 31, 2018, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Guy Hohmann*
Guy Hohmann