THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. A-12-CV-0862-LY |
| SENEN POUSA, INVESTMENT INTELLIGENCE CORPORATION, *DBA* PROPHETMAX MANAGED FX, JOEL FRIANT, MICHAEL DILLARD, and ELEVATION GROUP, INC., | § § § § § § § | |
| *Defendants*. | § | |

## JOINT STATUS REPORT

Comes now, the United States Commodity Futures Trading Commission (the "CFTC") and Guy M. Hohmann, the Court-appointed Receiver in the above-referenced ProphetMax Receivership matter and the ancillary IB Capital matter and file this their Joint Status Report.

1. The last status report filed by the Receiver in this proceeding was on September 16, 2019. This report shall address events occurring after that date.

2. The Receiver was recently made aware that settlement discussions between the Dutch Public Prosecutor's Office ("DPPO") and Emade Echadi ("Echadi") and Michel Geurkink ("Geurkink") (collectively, the "Individual Defendants") had reached an impasse and were no longer occurring. Consequently, it became apparent there is very little likelihood the Individual Defendants will be entering into agreements which would result in the frozen assets being repatriated to the Receivership estate.

3. For that reason, the Receiver filed his Original Complaint Naming Relief Defendants (the "Complaint")[1] on September 20, 2019. The defendants in that action are all persons or entities that are affiliated with the entities or individuals that received approximately USD $21 million in funds that were misappropriated from IB Capital. The defendants named in the Complaint are set forth below:

    a. Maverick Venture Capital Holding Ltd.
    b. Riknik & Sons, Ltd.
    c. Zsofia Dobos
    d. Randius, Ltd.
    e. Jennifer Marie Weare
    f. Neotex Advanced, Ltd.
    g. Essadia Moutaouakkil
    h. Rabiaa Moutaouakkil

4. All the defendants except for Jennifer Marie Weare reside in or are domiciled in foreign jurisdictions. Jennifer Weare is believed to be a resident of Massachusetts. Service of process for all the international defendants has been, or is being, made pursuant to the Hague Convention.

5. On September 30, 2019, the Court of Appeal at the Hague (the "Dutch Court") entered an interim decision on the Receiver's complaint against the EUR 775,000,000 settlement between ING Bank NV ("ING") and the Dutch state. The attorney-general on behalf of the DPPO had argued in her briefing the Receiver lacked standing to challenge the settlement. The Court held in its interim decision the Receiver was an "interested party" in the proceedings because he "represents parties injured as a consequence of the (obviously punishable) acts of ING."

6. The Dutch Court's interim decision also noted its desire to be provided access to the DPPO's file relating to its investigation of ING. After reviewing the file, the Dutch Court will

---

[1] *U.S. Commodity Futures Trading Commission v. Senen Pousa, et al., and Maverick Venture Capital Holding Ltd., et al.,* Case No. 1:19-CV-930-LY.

determine which documents will be made available to the Receiver and his Dutch counsel. A further hearing has been scheduled before the Dutch Court on December 18, 2019.

7. On October 25, 2019, the Receiver, through his retained United Kingdom counsel, initiated a proceeding in London, England to restore IB Capital and Maverick to the Registry of Companies in order to address ING's previous basis for not wiring to the receiver the approximate USD $7 million in funds from the accounts of IB Capital and Maverick presently on deposit with ING.

8. On November 5, 2019, the Receiver filed a Motion for Turnover Order and Supplemental Relief (the "Turnover Motion") seeking to require ING to wire transfer the funds in the accounts of IB Capital referenced in paragraph seven (7) above. Due to certain confidential information in the Turnover Motion and its exhibits, the Receiver filed a Motion to Seal the filing. In the proposed Order submitted with the Turnover Motion, ING would be given seven days (7) from the date the Turnover Order is signed to wire transfer the funds to the Receiver.

                Respectfully submitted,

                GUY HOHMANN

                By: */s/ Guy Hohmann*
                     Guy Hohmann
                     State Bar No. 09813100
                     guyh@hohmannlaw.com
                     114 West 7th Street
                     Suite 1100
                     Austin, Texas 78701
                     Office: (512) 495-1438
                     Facsimile: (512) 499-0094

                **RECEIVER FOR THE PROPHETMAX AND IB CAPITAL RECEIVERSHIP ESTATES**

By: */s/ Tim Mulreany*
 Timothy J. Mulreany
 JonMarc P. Buffa
 Attorneys for Plaintiff
 U.S. Commodity Futures Trading Commission
 Three Lafayette Center
 1155 21st Street, NW
 Washington, DC 20581
 (202) 418-5306 (Mulreany)
 (202) 418-5332 (Buffa)
 (202) 418-5124 (facsimile)
 tmulreany@cftc.gov
 jbuffa@cftc.gove

## CERTIFICATE OF SERVICE

On October 8, 2019, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

 */s/ Guy Hohmann*
 Guy Hohmann